NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL PEREZ SANCHEZ, | No. 19-71393 |
| Petitioner, | Agency No. A213-084-129 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2020**
Pasadena, California

Before: WARDLAW, COOK,*** and HUNSAKER, Circuit Judges.

Rafael Perez Sanchez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' (BIA) dismissal of his appeal from the

Immigration Judge's (IJ) order of removal. He also moves to stay his removal while

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Deborah L. Cook, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

his petition is pending. We have jurisdiction pursuant to 8 U.S.C. § 1252. We **DENY** the petition for review.

Before leaving for the United States, Perez lived in Mexico with his wife and much of her extended family. Perez credibly testified that unknown perpetrators kidnapped and disappeared one of his wife's uncles in 2014 and assaulted another uncle in 2016. Perez further testified that, in July 2017, unknown men kidnapped him, beat him repeatedly, and released him only after his wife paid the demanded ransom. Soon after, the kidnappers threatened the family with death if they did not leave their home. Perez and his wife fled to the United States after reporting the kidnapping to the police, with the belief that they were no longer safe in Mexico.

Perez applied for asylum and withholding of removal based on his extended family membership and for protection under the Convention Against Torture (CAT). The IJ found that Perez suffered past harm and past torture at the hands of his kidnappers and that he demonstrated a well-founded fear of future persecution, but it denied his applications on other grounds. The BIA affirmed on de novo review.

1. Substantial evidence supports the BIA's determination that Perez is ineligible for asylum and withholding of removal because he failed to establish the requisite nexus between his persecution and a protected ground—here, Perez's extended family membership. *Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010). The INA requires an asylum applicant to prove that a protected ground

constitutes "one central reason" for his persecution, but he may obtain withholding of removal upon a lesser showing: that the protected ground would be "a reason" for harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017). The IJ and BIA incorrectly characterized asylum as having the lower burden of proof. This error doesn't aid Perez, however, because substantial evidence nonetheless supports the BIA's determination that his family ties were not "a reason" for his persecution. *Zetino*, 622 F.3d at 1016.

Perez and his wife admitted they do not know who attacked their uncles or why. Perez testified that he did not know why he was kidnapped, but the kidnappers' motive appeared to be pecuniary. There is no evidence that the men who threatened the family with death if they refused to leave their home were motivated by the family's identity. To the contrary, the men said it "did not matter" that a girlfriend living there was not a member of the family.

So too for Perez's fear of future harm. As the BIA found, Perez fears general conditions of crime and violence in Mexico, which "bears no nexus to a protected ground." *Zetino*, 622 F.3d at 1016.

2. Substantial evidence supports the BIA's determination that Perez is ineligible for CAT protection because he failed to demonstrate that he would be subject to a particularized threat of torture. *Dhital v. Mukasey*, 532 F.3d 1044, 1051

- 3 -

(9th Cir. 2008) (per curiam); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.** The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate. *See Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851, 856 (9th Cir. 2004).